STRAS, Justice
(concurring).
I agree with the court that the better interpretation of Minn.Stat. § 351.02(4) (2012) is that the office of district judge is not a “local” office. See State v. Hayes, 826 N.W.2d 799, 805 (Minn.2013) (accepting the more reasonable of two interpretations of a statute); In re Estate of Butler, 803 N.W.2d 393, 397 (Minn.2011) (adopting the “better” interpretation of a statute). I write separately, however, to express my doubt about the suggestion in the court’s opinion that the court’s authority in the realm of judicial discipline is exclusive. While it may be true that the grant of “judicial power” in Article VI, Section 1, of the Minnesota Constitution encompasses the authority to discipline judges — a question not before us today — there is no doubt that the grant of authority to the Legislature in Article VI, Section 9, would render our authority to discipline judges concurrent rather than exclusive. See Minn. Const. art VI, § 9 (“The legislature may also provide for the retirement, removal or other discipline of any judge who is disabled, incompetent or guilty of conduct prejudicial to the administration of justice.”). Accordingly, I would not rely on the constitutional-avoidance canon to construe Minn.Stat. § 351.02(4) because there is no serious constitutional question lurking in this case.[1] For that reason, I concur only in the judgment of the court.

. Indeed, it is not even clear that section 351.02(4) is a disciplinary statute, which casts further doubt on the court’s reliance on constitutional avoidance. After all, the statute simply provides a mechanism for determining whether, and when, an office becomes vacant. It does not purport to impose any discipline on the officeholder, such as a loss of salary, for the failure to comply with the requirements of the statute.